**Ronald Vernon WIEDENHOEFT**

v.

**UNITED STATES of America and Michael V. Hayden, Lt. General, U.S. Air Force Director, National Security Agency Chief, Central Security Service Fort George G. Meade, MD**

No. CIV. MJG–02–728.

United States District Court,
D. Maryland.

March 8, 2002.

Emile J. Henault, Jr., Henault and Sysko, Glen Burnie, MD, for Plaintiff.

## MEMORANDUM OPINION

SMALKIN, Chief Judge.

This matter is before the Court (assigned to the undersigned as Chambers Judge) on a request for a temporary restraining order forcing immediate compliance with plaintiff's Freedom of Information Act and Privacy Act requests, and directing the defendants not to deny the plaintiff due process in an "Access Appeals Panel" hearing scheduled for March 13, 2002. Upon review of the materials submitted by the plaintiff, no oral hearing being needed, *see* Local Rule 105.6 (D.Md. 2001), the Court is of the opinion that no temporary restraining order should be issued, under settled criteria established by the United States Court of Appeals for the Fourth Circuit in cases governing temporary and preliminary injunctive relief.

Essentially, the plaintiff, an employee of the National Security Agency (NSA), argues that he cannot defend his continued right to access to highly classified information (called "SCI") at the upcoming administrative appellate proceeding unless he gains access to all the federal agency materials pertaining to him to which he has requested access under both the Freedom of Information Act and the Privacy Act. Access to these materials has not been denied, but the plaintiff's request has been placed in a queue with many others, awaiting its turn for orderly processing. Plaintiff essentially seeks an *ex parte* order of the Court directing, *inter alia,* that his requests go to the head of the queue forthwith.

The cornerstone of the Court's consideration of requests for injunctive relief *pendente lite* is the balance of hardships test. *Direx Israel, Ltd. v. Breakthrough Med.*

*Corp.,* 952 F.2d 802, 811 (4th Cir.1991); *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189, 196 (4th Cir.1977). In making this balancing determination, the Court must weigh the harm to the plaintiff without a decree against the harm to the defendant with a decree. *Blackwelder,* 550 F.2d at 196.

Here, the plaintiff faces an administrative appellate hearing that could result in the denial of his access to SCI, which could, in turn, influence his continued employment with the NSA. However, the defendant Hayden is charged with gathering and safeguarding some of the most sensitive and highly classified information on Earth. The federal courts have long recognized that the intense public interest in safeguarding such information usually far outweighs an individual's right to access to it, even when that access is critical to the individual's employment. *See Reinbold v. Evers,* 187 F.3d 348 (4th Cir.1999); *see also Dep't of the Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988); *Guillot v. Garrett,* 970 F.2d 1320 (4th Cir. 1992).

█ Furthermore, it is well-settled that temporary injunctive relief shall not be ordered unless the plaintiff suffers *immediate,* not simply possible, irreparable injury. *Direx,* 952 F.2d at 812. Here, the letter notifying the plaintiff of the appeals hearing specifically states: "Additionally, copies of the documents, records, and reports upon which the revocation is based have been inclosed. Only information contained within these records has been considered in making the revocation decision." To the extent that the ultimate decision goes against the plaintiff and documents that have been withheld from him are utilized in the appellate process, he may pursue whatever additional remedy he might have, but only then will there be an actual injury, and, even then, it might not be irreparable, given the possibility of further administrative review. The Court is certainly not persuaded that the plaintiff needs every scrap of record that federal agencies might maintain on him in order adequately to defend himself in the SCI clearance revocation process.

Given the outcome of the balance of harms test, the plaintiff obviously has not shown sufficient legal merit in his position to survive the *Blackwelder* test for grant of *pendent lite* relief, as explicated in *Direx.*

█ Furthermore, the public interest obviously favors the protection of highly classified national security information over a government employee's request for expedited access to information that is not said to be directly related to a personnel decision, as can be gathered from the holdings in the cases cited hereinabove.

For the reasons stated, an order will be entered separately, *denying* the plaintiff's Motion for a Temporary Restraining Order.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 8th day of March, 2002, by the Court, ORDERED:

1. That the plaintiff's Motion for a Temporary Restraining Order BE, and the same hereby IS, DENIED; and

2. That the Clerk of Court provide copies of this Order and of the foregoing Memorandum Opinion to the parties.